**Marilyn M. HOLIDAY, Plaintiff,**

v.

**BELLE'S RESTAURANT et al., Defendants.**

**Civ. A. No. 75–124.**

United States District Court, W. D. Pennsylvania.

Jan. 30, 1976.

Judd F. Crosby, Pittsburgh, Pa., for plaintiff.

Morris M. Berger, Pittsburgh, Pa., for defendants.

## OPINION

ROSENBERG, District Judge.

The plaintiff here is Marilyn M. Holiday, a former employee of the defendants, Belle's Restaurant, BAB, Inc., and Isabelle Laux, as an individual and/or employee of BAB, Inc. The defendants now move to dismiss the amended complaint. This action alleges jurisdiction by virtue of the provisions contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981 and pendant jurisdiction regarding the plaintiff's state claims.

The plaintiff avers that she was in the employ of the defendants as a restaurant waitress from November 6, 1972 to February 19, 1973; that the defendants' place of business was located in Monroeville Mall, Monroeville, Pennsylvania; that they unlawfully discriminated against the plaintiff with respect to her terms and conditions of work along with hours and earnings; that they caused her constructive discharge based solely upon her race and the belief that she was married to a black man; that she suffered severe emotional and psychological distress and that she suffered defamation of character. The defamation claim was withdrawn by the plaintiff at oral argument upon this motion. The plaintiff claims (1) lost wages, tips and monies suffered as a result of the defendants' alleged discrimination; (2) compensatory damages for the intentional infliction of emotional and psychological distress; (3) punitive damages in order to deter future employment discrimination based on race and for the intentional infliction of emotional and psychological distress; and (4) reasonable costs and attorneys fees.

The defendants attack the complaint and move for its dismissal contending that (1) as to the defendant Laux, there is no subject matter jurisdiction because no charge of discrimination had been filed against her with the Equal Employment Opportunity Commission (EEOC); (2) as to the defendant BAB, Inc., the plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. § 1981 because there is no showing of any policy of discrimination on the part of the defendant corporation; (3) as to both defendants, there is no claim under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e et seq. within the complaint because it alleges no racial discrimination against her, but rather on the plaintiff's marriage or on her husband's race; and, (4) as to the state claims, there is neither original jurisdiction to support them nor pendant jurisdiction because they do not arise out of a common nucleus of operative facts and the infliction of emotional distress based on conduct which in itself is not so outrageous to go beyond all bounds of decency or be regarded as atrocious.

■ For the purposes of this motion to dismiss, I construe the allegations in complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Curtis v. Everette,* 489 F.2d 516, C.A. 3, 1973, cert. den. 416 U.S. 985, 94 S.Ct. 2409, 40 L.Ed.2d 774. A liberal standard has been established for the validity of a complaint and on the whole few falter for failure to set out evidential facts. *United States v. Provident, etc., Bank,* 259 F.Supp. 373 (D.C.Pa. 1966); *American Technical Machine Corp. v. Masterpiece Enterprises, Inc.,* 235 F.Supp. 917 (D.C.Pa.1964).

The Supreme Court has held that:

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well-established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action the allegations of the complaint should be construed favorably to the pleader.

'[I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted)." *Scheuer v. Rhodes, supra* 416 U.S. at page 236, 94 S.Ct. at page 1686.

■ Two of the defendants' contentions find no persuasion in light of *Scheuer v. Rhodes, supra,* (1) that the plaintiff failed to state a claim under 42 U.S.C. § 1981 for there was no showing of any policy of discrimination by the defendant corporation; and (2) that the state claims are not out of the same common nucleus of fact and the alleged conduct does not go beyond all bounds of decency. On both claims, the plaintiff has complied with Federal Rule of Civil Procedure 8(a) by setting forth "a short and plain statement" on jurisdiction and relief along with a demand for judgment for relief.

As to the third contention, the defendant Laux argues that this court has no subject matter jurisdiction because the plaintiff had not originally filed a formal charge of discrimination against her with the EEOC.

The pertinent section, 42 U.S.C. § 2000e–5(f)(1) permits an aggrieved person to enter civil suit "against the respondent named in the charge" after certain procedural prerequisites have been met. The defendant contends that this court has no jurisdiction because she was not directly named in the original charge. In *Bowe v. Colgate-Palmolive Company,* 416 F.2d 711, C.A. 7, 1969, the court attempted to show the purpose for limiting defendants in subsequent civil suits to those named in the original charge filed with the EEOC. It held that:

"It is a jurisdictional prerequisite to the filing of a suit under Title VII that a charge be filed with the EEOC against the party sought to be sued. 42 U.S.C. § 2000e–5(e). This provision serves two important purposes. First,

it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Bowe v. Colgate-Palmolive Company, supra,* at page 719.

■ The defendant Laux, although not named specifically in the charge, is alleged to be a partial owner and employee of the defendant, BAB, Inc. This is not disputed by the defendants in their motion to dismiss. Within the charge itself, the phrase "primary owner" is used in references to allegations of racial prejudice (Exhibit A, Defendants' Motion to Dismiss).

It would be difficult to comprehend a situation where the defendant Laux (1) did not have any notice of the asserted violation due to her position with the business, and (2) was not involved in any conciliation to prohibit further suit. Neither are argued as a defense or bar to the complaint in this motion to dismiss in the face of the fact that the plaintiff used the defendant's name in her written statements to the EEOC.

The *Bowe v. Colgate-Palmolive Company, supra,* guidelines were followed in *Van Hoomissen v. Xerox Corporation,* 368 F.Supp. 829 (D.C.Cal.1973).

"The plaintiff in the case at bar, a layman, may have assumed that his answer to the question 'Who discriminated against you?'—'Xerox Corporation'—would encompass those employees of Xerox whom he mentions by name in his attachments to the charge. (Plaintiff should not have assumed, however, that the blanket accusation against Xerox would enable him subsequently to sue other employees of Xerox whom he had never named in those papers filed with the EEOC.) Plaintiff's factual allegations regarding O'Neill and Noren seem sufficiently complete to bring them to the

EEOC's attention as possible Title VII violators upon its reading the charge and attachments. Thus, the two legal requirements set up by the *Bowe* court should, in theory, have been fulfilled in the instant case: 1) by his factual allegations contained in the Explanation and attachments, plaintiff notified the EEOC of his charges against O'Neill and Noren; 2) if the EEOC properly investigated the allegations made by plaintiff in his first charge, O'Neill and Noren should have been given notice of the investigation and of the alleged charges pertaining to them.

Whether in fact the EEOC did investigate the charges against both men and so notify them is an evidentiary question which can be resolved at the time of trial. If O'Neill and Noren are then able to demonstrate that no such investigation was made, and thus no notice was given prior to the serving of the court suit upon them, they may at that time move again for their dismissal from the case." (at pages 834–835).

If the defendant Laux can demonstrate through evidentiary procedure at trial that she was not investigated or given notice by the EEOC, then she may move at such time for dismissal.

The defendants cite *Williams v. General Foods Corp.,* 492 F.2d 399, C.A. 7, 1974, for support of their argument that a party not named in the original EEOC charge cannot be joined as a party defendant in an individual's Title VII action. That court made applicable the *Bowe v. Colgate-Palmolive Company, supra,* guidelines in its determination. The court found that the defendants "were denied the opportunity to participate in conciliation proceedings aimed at voluntary compliance under EEOC auspices." That fact has not been alleged or proven in the present case.

Another factor that is relevant to this case is that the plaintiff also alleges jur-

isdiction based on 42 U.S.C. § 1981.[1] This does not require a formal charge with the EEOC prior to commencement of suit.

Finally, the defendants argue that the plaintiff has no cause of action under 42 U.S.C. § 2000e–2, because the alleged discrimination was not founded on the plaintiff's own race, but rather on that of another individual. The pertinent section reads as follows:

"Unlawful employment practices—Employer practices

"(a) It shall be an unlawful employment practice for an employer—

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

"(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

█ If the plaintiff were a member of the black race herself and had been discharged for that reason, then such a discrimination practice clearly would have come within Title VII. Her complaint is different. She charges that:

"Paragraph 25.

"The said treatment of the plaintiff by the defendant was based solely on plaintiff's race, that had it not been for the *fact plaintiff was white*, said discrimination would not have occurred. Said treatment was also based on the belief that *plaintiff, a white woman, was married to a black man.*" (Emphasis supplied)

Thus the plaintiff's allegation that the discrimination occurred because of *her race,* in itself, complies with the proscriptions of the statute.

The defendants rely on *Ripp v. Dobbs Houses, Inc.,* 366 F.Supp. 205 (D.C.Ala. 1973), but in that decision the plaintiff did not allege that he was discriminated against because of his own race.

"Significantly, plaintiff makes no complaint that he has suffered any detriment on account of his race." (at page 208)

"In paragraph 6 of his complaint, plaintiff alleges that he was discharged because he refused to discriminate against black employees; further, he alleges he was ordered 'not to associate with black employees'. While plaintiff makes these allegations concerning his allegedly restricted associations, he also avers that the defendant engaged in unlawful employment practices which operate to discriminate against black employees. Fairly stated, the gravamen of plaintiff's complaint is that defendants have abridged his freedom to associate with persons of his own choosing." (at page 208)

"The employment practices which plaintiff attacks in his complaint are practices which result in disparate treatment of black employees. Plaintiff avers that he is a white citizen. The employment practices, subject to challenge in this action, have no impact upon plaintiff. It appears that plaintiff is without standing, and, further, that plaintiff is not a 'person aggrieved' within the contemplation of the Act." (at pages 208–209).

Here, the plaintiff Holiday is claiming that because she was white as opposed to

**1.** "§ 1981. Equal rights under the law

"All persons within the jurisdiction of the United States shall have the same right to every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and *to the full and equal benefit of all laws and proceedings* for the security of persons and property *as is enjoyed by white citizens,* and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other." (Emphasis supplied)

any other race she was the victim of employment discrimination.

 The plaintiff's Exhibit A, the determination of the district EEOC office did hold "that there is reasonable cause, in part to believe that the Respondent have (sic) engaged in unlawful employment practice under Title VII of the Civil Rights Act of 1964, as amended, . . . ." I take cognizance of the policy of the EEOC which has held that discharging of a white employee for associating with blacks is racial discrimination and violative of Title VII. *Decision of Equal Employment Opportunity Commission, Decision No. 71–969,* December 24, 1970, ¶ 6193, C.C.H. EEOC Decisions 4328. There the Commission stated, inter alia,

> "There is reasonable cause to believe that Respondent Employer is engaged in an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964 by maintaining a working environment in which racial insults are countenanced." (at page 4329)

The Supreme Court has dictated in *Griggs v. Duke Power Co.,* 401 U.S. 424, 433, 91 S.Ct. 849, 854, 28 L.Ed.2d 158 (1971), that the "administrative interpretation of the Act by the enforcing agency is entitled to great deference."

I find that the plaintiff's cause of action under Title VII does have proper subject matter jurisdiction before me and, accordingly, the defendants' motion to dismiss will be denied.