Rebecca L. **CLARK**

v.

**LOUISA COUNTY SCHOOL BOARD.**

Civ. A. No. 79–0403–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 25, 1979.

As Amended July 15, 1979.

Harold R. Bailes, Francis L. Buck, Bailes & Buck, Ltd., Charlottesville, Va., for plaintiff.

D. Patrick Lacy, Jr., David H. Worrel, Bell, Ellyson, Lacy & Baliles, Richmond, Va., Stephen C. Harris, Louisa County Atty., Louisa, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiff has filed a complaint alleging that she was discharged from a position as a teacher in the Louisa County public school system because she, a white woman, is married to a Negro man. Though the jurisdictional statement of the complaint is not free from confusion it appears that she

believes the facts alleged state claims under 42 U.S.C. §§ 1981, 1983, 1985, Title VI and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d *et seq.* and 2000e *et seq.*) as a result of violations of rights secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States. Plaintiff also appears to have alleged a pendent State claim for a denial of certain rights and procedures granted her under Virginia Code §§ 22–217.1 through 217.8.

On 7 May 1979 defendants filed their joint motion to dismiss the complaint. Though the motion called for dismissal of the complaint in its entirety the brief in support thereof did not address the pendent State claim. The time within which plaintiff was required by Local Rule 11(F) to respond to the motion has expired and plaintiff has failed to respond. The Court will consider the motion on the present state of the pleadings taking up each basis for dismissal in the order presented in defendants' brief.

### Title VII of Civil Rights Act of 1964

■ Defendants' motion to dismiss claims grounded under Title VII of the Civil Rights Act of 1964 is supported by an exhibit consisting of a copy of the charge filed by plaintiff with the Equal Employment Opportunity Commission. Considering the exhibit the Court must view the motion to dismiss as a motion for summary judgment with respect to Title VII. Fed.R.Civ.P. 12(b).

It is clear from the reading of the complaint and an examination of the charge that plaintiff failed to file the charge within the time required by 42 U.S.C. § 2000e–5(e) and it is also clear that no right to sue letter required by 42 U.S.C. § 2000e–5(f)(1) has been issued. Both requirements are jurisdictional and plaintiff's non-compliance ousts the Court of jurisdiction of her Title VII claim. *Doski v. M. Goldseker Co.,* 539 F.2d 1326, 1329 (4th Cir. 1976). Accordingly, defendants will be granted summary judgment with respect to those counts alleging a claim under Title VII of the Civil Rights Act of 1964.

### Title VI of Civil Rights Act of 1964

■ Though plaintiff asserts a claim under Title VI of the Civil Rights Act of 1964 she fails to allege any factual basis for such a claim. Though it might be assumed that a public school system is a "program or activity receiving federal financing assistance" one would have to assume it since plaintiff failed to allege it. She further fails to allege that the "primary objective of the federal financial assistance is to provide employment." This latter requirement of Title VI is not a fact which might readily be assumed even if it had been alleged. Finally, Title VI contains detailed provisions for administrative proceedings which must be exhausted before funding may be terminated. Plaintiff alleges no such administrative exhaustion. In the absence of any factual basis for a Title VI claim, plaintiff's Title VI claim must be dismissed.

■ There is a further reason for dismissing the claim asserted under Title VI. It is most doubtful that Congress intended a private right of action under Title VI. In *University of California Regents v. Bakke,* 438 U.S. 265, 283–84, 98 S.Ct. 2733, 2797, 57 L.Ed.2d 750 (1978) the majority specifically refused to determine whether Title VI gave a private right of action. The reasoning of Mr. Justice White fully supports his view that it would be "incredible" to believe that Congress so intended. Further, Mr. Justice White speaking specifically of public schools said: "[W]herever a discriminatory program was a public undertaking, such as a public school, private remedies were already available under other statutes, and a private remedy under Title VI was unnecessary. Congress was well aware of this fact."

This Court accordingly holds that there is no private right of action under Title VI and such counts accordingly will be dismissed.[1]

1. [On 14 May 1979 the Supreme Court decided the case of *Cannon v. University of Chicago,* ___ U.S. ___, 99 S.Ct. 1946, 60 L.Ed.2d 560. (No. 77 926, May 14, 1979), which dealt with

## 42 U.S.C. § 1985

The defendants in this action consist of the Louisa County School Board and present and former members and employees thereof. The only aspect of Section 1985 which could possibly be applicable to these defendants under the allegations of the complaint is Subsection 3. This Court held in *Fowler v. Department of Education*, 472 F.Supp. 121, 122 (E.D.Va.1978) that employees of an agency, required by their duties to work in concert, cannot, for that reason, be held to have violated 42 U.S.C. § 1985(3). This position is supported by *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972) where the Court said:

> [I]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or the act itself will normally not constitute the conspiracy contemplated by [§ 1985(3)].

This Court continues to adhere to that view.

Further, even if co-workers engaged in their mutual endeavor be considered "conspirators" it is necessary that there be allegations of fact bringing them within the ambit of the statute. In this case there is no allegation showing that defendants went "on the highway or on the premises of another" nor is there a factual allegation of where they went or what they did in forming and carrying out the conspiracy. Indeed, the sole allegation supporting a Section 1985(3) claim consists of using the words "acted in concert and conspired." Even under modern notice pleadings such allegations are grossly insufficient. *Eisman v. Pan American World Airlines*, 336 F.Supp. 543, 553 (E.D.Pa.1971). Accordingly, the claim asserted under Section 1985(3) will be dismissed.

## 42 U.S.C. § 1981

Defendants argue that race is not the basis of plaintiff's complaint but instead

the implication of a private right of action under Title IX. *Cannon* clearly indicates that a private right of action should be implied under the analogous provision in Title VI. Although *Cannon* had been decided at the time the Court entered this memorandum, it was not yet re-

that plaintiff grounds her cause of action on her associational rights of marriage. In so doing defendants overlook the substance of plaintiff's claim and view only the form. While the aspect of racial discrimination which allegedly resulted in plaintiff's termination of employment is miscegenation, that is merely one of the many situations upon which racial discrimination fixes. Plaintiff sufficiently alleges that she, a member of the white race, has been discriminated against because she is married to a member of the black race. In the absence of controlling authority to the contrary, this Court is constrained to read § 1981 liberally to forbid such a denial of "full and equal benefit of all laws . . . for the security of person . . . ." Accordingly, defendants' motion with respect to § 1981 must be denied.

## 42 U.S.C. §§ 1981, 1983, 1985—Statute of Limitations

Sections 1985 and 1981 have previously been dealt with. Defendants contend that these sections, as well as claims asserted under § 1983, are time barred by the one-year Virginia statute of limitations. Virginia Code § 8–24. In support of their position defendants cite the trenchant analysis of Judge Widener in *Johnson v. Davis*, 582 F.2d 1316, 1319–20 (4th Cir. 1978). Though one may earnestly believe the dissenting analysis is unanswerable, one may not forget that the analysis is contained in a dissent. This Court is controlled by the majority opinion and the majority specifically held that the Virginia statute of limitations was to be disregarded. Accordingly, this Court holds that a two-year statute of limitations is applicable and that the complaint was filed within the applicable period. The plea of the statute of limitations, then, must be denied.

ceived nor had it been read by this judge at the time this memorandum was written. It does not alter the result in this case, however, because plaintiff's pleadings are still fatally defective as noted above.]

*Pendent State Claim*

In view of the disposition above made of the complaint, it does not now appear that the pendent State claim is based upon a "common nucleus of operative facts" with the remaining federal claims. No motion having been made with respect to the pendent State claim, however, the Court refrains at this time from ruling on the issue.

An appropriate order shall issue.