**Alene GRESHAM, Plaintiff,**

v.

**WAFFLE HOUSE, INC., Defendant.**

**Civ. A. No. C83–2539A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 21, 1984.

James W. Howard, Floyd, Howard & Ware, Atlanta, Ga., for plaintiff.

Alexander E. Wilson, Kieran Shanahan, Atlanta, Ga., Alston & Bird, J. Michael Upton, Norcross, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This employment discrimination action is presently before the Court on (1) defend-ant's renewed motion to dismiss, and (2) plaintiff's motion to strike and for entry of default and default judgment. The procedural history of this case is set forth briefly below, and the merits of the pending motions are addressed thereafter.

## PROCEDURAL HISTORY

Plaintiff, a white female proceeding *pro se*, filed this action on November 17, 1983, using a form Title VII complaint. The complaint essentially alleged that she had been discharged from her job with defendant because of her marriage to a black man. Complaint ¶¶ 6 & 9.

On December 28, 1983, defendant moved to dismiss plaintiff's complaint on the grounds that an employer's discharge of an employee due to his or her interracial marriage is not a violation of Title VII. Plaintiff failed to respond to this motion within the 10 days permitted by Local Court Rule 91.2, and the Court entered an order notifying plaintiff that if she did not respond within 10 days defendant's motion would be granted as unopposed. Although the Court's order was filed with the clerk of court on January 20, 1984, the clerk failed to mail a copy of the order to plaintiff until January 30, 1984, the date her response was due. Even though she had not yet received the Court's order, plaintiff nevertheless did file a response in opposition to defendant's motion to dismiss on January 31, 1984.

On February 27, 1984, the Court having not yet ruled on defendant's motion, attorney James W. Howard of the firm of Floyd, Howard & Ware filed a notice of appearance on behalf of plaintiff, together with a supplemental brief in opposition to defendant's motion to dismiss and an amended complaint. The amended complaint restated plaintiff's original Title VII allegations (Count One) and added claims of retaliatory discharge and violations of 42 U.S.C. § 1981. (Counts Two, Three, and Four.)

Defendant responded on March 12, 1984, with a renewed motion to dismiss, reasserting the legal arguments presented in its

original motion and also contending that dismissal was warranted because of plaintiff's untimely response to the Court's January 20, 1984, order. Plaintiff then moved to strike defendant's motions to dismiss and for entry of default and default judgment on the grounds that defendant had failed to file an answer to either plaintiff's original complaint or the amended complaint. Defendant opposes these motions and seeks to recover its attorney's fees expended in responding to them pursuant to Fed.R.Civ.P. 11.

## DISCUSSION

### I.

■ Plaintiff's motion to strike and motion for entry of default and default judgment are DENIED. It is true that defendant was served with plaintiff's amended complaint on February 27, 1984, but did not file its renewed motion to dismiss until March 12, 1984, outside the 10-day period allowed under Fed.R.Civ.P. 15(a) for response to an amended pleading. Such a technical default, however, does not warrant the harsh sanctions sought by plaintiff. On the other hand, since plaintiff's motions are not entirely without foundation, defendant is not entitled to recover its expenses under Rule 11.

### II.

■ In its renewed motion to dismiss,[1] defendant again argues that Title VII does not proscribe discrimination in employment on the basis of an employee's interracial marriage. Two other judges of this Court have so held. *Parr v. United Family Life Ins. Co.*, Civil Action No. C83–26G (N.D.Ga. June 15, 1983) (O'Kelley, J.); *Adams v. Governor's Committee on Postsecondary Education*, 26 Fair Empl.Prac.Cas. (BNA) 1348 (N.D.Ga.1981) (Evans, J.).

■ Both *Parr* and *Adams* relied on the operative language of Title VII, which makes it unlawful for an employer to discriminate against any individual "because of *such individual's* race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a) (emphasis added). Those decisions concluded that Congress did not intend to proscribe private employer discrimination on the basis of an individual's association with a member of another race, because such discrimination was not based on *that individual's* race.

In support of their interpretation of the statutory language, both the *Parr* and *Adams* opinions cited the district court's decision in *Ripp v. Dobbs Houses, Inc.*, 366 F.Supp. 205 (N.D.Ala.1973), which held that a white employee who was discharged for associating with black co-workers had not stated a claim under Title VII. In addition, the *Parr* decision noted the broader language used by Congress in providing protection for federal workers under Title VII,[2] reasoning that Congress could have enacted a similar provision for non-federal employees if it had intended to proscribe discrimination on the basis of such an employee's relationship to a person of another race.

Directly contrary to the *Parr* and *Adams* decisions are the district courts' opinions in *Holiday v. Belle's Restaurant*, 409 F.Supp. 904 (W.D.Pa.1976), and *Whitney v. Greater New York Corp. of Seventh-Day Adventists*, 401 F.Supp. 1363 (S.D.N.Y.1975). In *Whitney* the court expressly disapproved *Ripp, supra,* applying the following analysis to the claim of plaintiff, a white woman, that she had been discharged in violation of Title VII solely because she was maintaining a casual social relationship with a black man:

1. Defendant's motion to dismiss plaintiff's original complaint became moot upon plaintiff's filing of an amended complaint as a matter of course during the pendency of the motion. Fed.R.Civ.P. 15(a). Thus the untimeliness of plaintiff's response to defendant's original motion no longer provides any basis for dismissing this action. The Court is now concerned only with defendant's renewed motion to dismiss insofar as it attacks the sufficiency of plaintiff's amended complaint.

2. Congress's 1972 amendments to Title VII provided, *inter alia,* that federal employment decisions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a).

Manifestly, if Whitney was discharged because, as alleged, the defendant disapproved of a social relationship between a white woman and a black man, the plaintiff's race was as much a factor in the decision to fire her as that of her friend. Specifying as she does that she was discharged because she, a white woman, associated with a black, her complaint falls within the statutory language that she was "discharge[d] ... because of [her] race."

401 F.Supp. at 1366. The court in *Holiday, supra,* adopted the same analysis.[3] 409 F.Supp. at 908.

In this Court's view, the logic of the *Whitney* and *Holiday* decisions is irrefutable. Clearly, if the plaintiffs in those cases, or the plaintiff in the instant case, had been black, the alleged discrimination would not have occurred. In other words, according to their allegations, *but for* their being white, the plaintiffs in these cases would not have been discriminated against. This Court cannot imagine what more need be alleged to bring such plaintiffs within the plain meaning of Title VII's proscription of discrimination against an individual "because of such individual's race." The fact that Congress used somewhat broader language to prohibit discrimination against federal employees is simply immaterial, given that the discrimination alleged here plainly falls even within the narrower scope of the prohibition applicable to private employers.

Accordingly, the Court follows *Whitney* and *Holiday, supra,* in holding that plaintiff has stated a claim under Title VII by alleging that she was discharged by her employer because of her interracial marriage to a black man.

## III.

◼ Defendant also contends that plaintiff lacks standing under 42 U.S.C. § 1981 to assert a claim in vindication of her hus-

band's marital contract rights. It is well settled, however, that

the protection of § 1981 extends to [a white plaintiff] in connection with his [or her] marriage rights and all contracts in which his [or her] marriage relationship is weighed as a factor.... [Moreover, a white plaintiff] has standing to vindicate the constitutional rights of his [or her] Black wife [or husband] and their marriage relationship. [Citations omitted.]

*Faraca v. Clements,* 10 Fair Emp.Prac. Cas. (BNA) 718, 723 (N.D.Ga.1973), *aff'd,* 506 F.2d 956 (5th Cir.), *cert. denied,* 422 U.S. 1006, 95 S.Ct. 2627, 45 L.Ed.2d 669 (1975). Thus, Counts Two and Three of plaintiff's amended complaint state a claim for relief under section 1981.

## IV.

Finally, defendant challenges plaintiff's claim, stated in Count Four of her amended complaint, that she was discharged in retaliation for her opposition to defendant's discriminatory employment practices in violation of both Title VII and 42 U.S.C. § 1981. In support of her retaliation claim, plaintiff alleges that immediately prior to her being discharged by defendant, she "verbally protested Defendant's harassment and discriminatory treatment of her by specifically citing and referring to the Civil Rights Act of 1964, ... [and that] Defendant physically battered, and subsequently discharged, Plaintiff in direct response to Plaintiff's protest of said harassment and discriminatory treatment." Complaint ¶¶ 27 & 28.

Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), provides a cause of action for retaliation where plaintiff alleges "(1) that he engaged in an activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in protected activity and the adverse employment action." *Dickerson v. Metropolitan Dade*

---

**3.** The *Holiday* court sought to distinguish the decision in *Ripp, supra,* on the grounds that the plaintiff there did not allege that he was discriminated against because of his own race. 409 F.Supp. at 908. However, the rationale of both the *Whitney* and *Holiday* decisions was that an allegation of discrimination on the basis of association with persons of another race was tantamount to an allegation of discrimination due in part to one's own race. The *Ripp* decision therefore may not be distinguished on the basis suggested in *Holiday.*

*County,* 659 F.2d 574, 580 (5th Cir. Unit B 1981). Likewise, a retaliation claim is stated under section 1981 when plaintiff alleges "(1) that he engaged in activity protected by § 1981; (2) that an adverse employment action followed; and (3) that there was a causal connection between the two." *Goff v. Continental Oil Co.,* 678 F.2d 593, 599 (5th Cir.1982).

■ It is clear that under Title VII plaintiff's verbal opposition to defendant's alleged discrimination constituted protected opposition to an unlawful employment practice,[4] so long as plaintiff's opposition was based on a reasonable belief that defendant's practices violated Title VII. *Sias v. City Demonstration Agency,* 588 F.2d 692, 695 (9th Cir.1978). The Court having found that the discrimination alleged by plaintiff does in fact violate Title VII, her allegations of retaliatory discharge also clearly state a claim under that statute.

The question whether plaintiff also has a cause of action for retaliation under section 1981 is more difficult. In *Goff, supra,* the court held only that section 1981 "encompass[es] claims of retaliation when an adverse action is taken in response to a person's filing of an EEOC charge or civil rights lawsuit in which racial discrimination is alleged." 678 F.2d at 578. That decision did not consider whether mere opposition falling short of the filing of formal charges of discrimination, which is expressly protected under section 704(a) of Title VII, should also be deemed to be activity protected by section 1981. Looking to the rationale of the *Goff* court's holding, this Court concludes that such opposition does fall within the protective scope of section 1981.

The court in *Goff* reasoned as follows: The ability to seek enforcement and protection of one's right to be free of racial discrimination is an integral part of the right itself. A person who believes he has been discriminated against because of his race should not be deterred from attempting to vindicate his rights because he fears his employer will punish him for doing so.

678 F.2d at 598. Applying this logic, there is no reason why the protected scope of an employee's efforts to vindicate his rights under section 1981 should be limited to the initiation of an adversarial or formal investigative proceeding.

The same observation is applicable here as was made by another court with respect to Title VII: "Internal processes, whenever available, are surely the preferable vehicle by which to bring an employer into compliance with the statute." *Hearn v. R.R. Donnelley & Sons Co.,* 460 F.Supp. 546, 548 (N.D.Ill.1978). In order to encourage such informal resolution of employee complaints of discrimination, the employee must not be afraid of retaliation if he makes known to his employer his opposition to practices that he reasonably believes are illegally discriminatory.

■ Accordingly, the Court concludes that an employee's opposition to an action or practice of his employer that he reasonably believes to be unlawful under 42 U.S.C. § 1981 is a protected activity, such that an adverse employment action allegedly resulting from such activity states a claim of retaliation cognizable under that statute. Since, in the instant case, defendant's alleged discrimination on grounds of plaintiff's interracial marriage is clearly violative of section 1981, plaintiff's allegations of retaliation state a claim under that statute as well as under Title VII.

Since plaintiff's amended complaint states claims on which relief may be granted under both Title VII and 42 U.S.C. § 1981, defendant's renewed motion to dismiss is DENIED.

### SUMMARY

In sum, plaintiff's motions to strike and for entry of default and default judgment

---

**4.** Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), provides in pertinent part:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this title....

are DENIED; and defendant's renewed motion to dismiss is DENIED.

IT IS SO ORDERED, this 21st day of May, 1984.