Sr. Barbara **REITER**, Plaintiff,

v.

**CENTER CONSOLIDATED SCHOOL DISTRICT NO. 26–JT.,** Defendant.

Civ. A. No. 85–K–975.

United States District Court,
D. Colorado.

Oct. 11, 1985.

Brian A. Jeffrey, Evergreen, Colo., for plaintiff.

William J. McCarren, Peter M. Eggleston, Cogswell & Wehrle, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a civil rights action under Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. §§ 1983 and 1985. Plaintiff, Sister Barbara Reiter, alleges that defendant, Center Consolidated School District, refused to renew her employment contract because of her gender, religion, participation in another Title VII complaint, and association with the Hispanic community. Defendant has filed an answer denying liability and setting forth five defenses. In a minute order, I stated that the defenses raised jurisdictional questions, and defenses 1, 3, 4, and 5 would be treated as motions to dismiss. The school district has filed a memorandum stating that it is pursuing only two of the defenses at this time: (1) lack of subject matter jurisdiction under Title VII over plaintiff's claim of discrimination based on her association with the Hispanic community, and (2) plaintiff's claim under 42 U.S.C. § 1985 fails to state a claim upon which relief can be granted. For the reasons that follow, I decline to dismiss plaintiff's claim of employment discrimination based on her association with the Hispanic community. Plaintiff's §§ 1983 and 1985 claims, however, are dismissed.

I

Title VII of the Civil Rights Act of 1964 prohibits discriminatory employment practices based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). The Act also prohibits discriminatory employment practices based on an individual's participation in another Title VII investigation, proceeding, or hearing. *Id.* § 2000e–3.

Plaintiff alleges discrimination in employment based on her "close association with the Spanish citizens of the district." Before I can entertain this claim, I must determine whether Title VII prohibits discriminatory employment practices based on an individual's association with people of a particular national origin.

I have not found any Tenth Circuit decisions that discuss whether Title VII prohibits discriminatory employment practices based on an individual's association with people of a particular race or national origin. Most courts in other jurisdictions that have considered the issue hold that Title VII prohibits discriminatory employment practices based on an individual's association with people of a different race. *See Whitney v. Greater New York Corp. of Seventh-Day Adventists*, 401 F.Supp. 1363 (S.D.N.Y.1975); *Gresham v. Waffle House Inc.*, 586 F.Supp. 1442 (N.D.Ga.1984); *Clark v. Louisa County School Board*, 472 F.Supp. 321 (E.D.Va.1979); *Holiday v. Belle's Restaurant*, 409 F.Supp. 904 (W.D. Pa.1976). The underlying rationale in these cases is that the plaintiff was discriminated against on the basis of his race because his race was different from the race of the people he associated with. For example, in *Whitney*, the court held that a white plaintiff who alleged that he was discriminated against because of his association with his Negro friends stated a cause of action under Title VII. Other examples include cases where courts hold that discriminatory employment practices based on an individual's interracial marriage are prohibited under Title VII. *See Gresham*, 586 F.Supp. 1442; *Clark*, 472 F.Supp. 321; *Holiday*, 409 F.Supp. 904.

In at least two decisions, the EEOC has found that reasonable cause existed to believe that an employer violated Title VII by discharging an employee because of his or her association with people of a different race. EEOC decision 71–1902, 3 Fair Empl. Prac.Cas. 1244 (1971); EEOC Decision 71–909, 3 Fair Empl.Prac.Cas. 269 (1970). These decisions indicate that the EEOC interprets Title VII as prohibiting discriminatory employment practices based on an individual's association with people of a particular race or national origin. I am required to give great deference to the EEOC's interpretations of Title VII. *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205, 210, 93 S.Ct. 364, 367, 34 L.Ed.2d 415 (1972); *Griggs v. Duke Power Co.*, 401 U.S. 424, 433, 91 S.Ct. 849, 854, 28 L.Ed.2d 158 (1971). In light of these judicial and administrative decisions, I hold that discriminatory employment practices based on an individual's association with people of a particular race or national origin are prohibited under Title VII.[1]

## II

Defendant contends that I lack subject matter jurisdiction over this claim because plaintiff did not allege national origin discrimination in her Charge of Discrimination filed with the EEOC and the EEOC did not investigate or conciliate plaintiff's charge of national origin discrimination.

Title VII establishes a detailed procedure to be followed by a person who feels that he has been the victim of an unlawful employment practice. *See* 42 U.S.C. § 2000e–5. A charge of discrimination must first be filed with the Colorado Civil Rights Commission (CCRC). *Id.* § 2000e–5(c). After a certain period of time, a charge must then be filed with the Equal Employment Opportunity Commission (EEOC). *Id.* § 2000e–5(e). The EEOC must investigate the charge and determine whether reasonable cause exists to believe that the charge is true. *Id.* § 2000e–5(b). In determining whether reasonable cause exists, the EEOC must accord substantial weight to final findings and orders made

1. I note that in *Ripp v. Dobbs Houses, Inc.*, 366 F.Supp. 205 (N.D.Ala.1973), the court held that a white plaintiff who alleged that he was discriminated against because of his social attitudes toward blacks and his association with them did not state a cause of action under Title VII. The court reasoned that the plaintiff did not explicitly allege that he was discriminated against because of his race. I disagree with this decision. A person who believes he has been the victim of discriminatory employment practices should not have to plead a charge of discrimination with such particularity. *See* Fed.R.Civ.Pro. 8(a); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sanchez*, 431 F.2d 455 (5th Cir.1970). Since the Act involves "a lay-initiated proceeding," *Jenkins v. United Gas Corp.*, 400 F.2d 28, 30 n. 3 (5th Cir.1968), "it would be out of keeping with the Act to import common-law pleading niceties to [the charge of discrimination] or in turn to hog-tie the subsequent lawsuit to any such concepts." *Id.*

by state or local authorities. *Id.* If the EEOC determines that reasonable cause exists to believe that the charge is true, the EEOC must try to eliminate the alleged unlawful employment practice by conference, conciliation, and persuasion. *Id.*

■ When determining the proper scope of a Title VII complaint, a court must balance two competing values. On the one hand, the purpose of the detailed procedure is "to provide an opportunity for nonjudicial and nonadversary resolution of claims". *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372–73, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979). On the other hand, the purpose of Title VII is to safeguard rights of persons "untutored in the technicalities of the law and who may not ... be able to fully articulate their grievances or be aware of the full panoply of discriminatory practices against them...." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970).

In attempting to reach an accommodation between these two values, courts have offered various formulations to test the adequacy of the EEOC charge. Some courts have used a "like or related test," others have looked to the scope of a reasonable EEOC investigation based on the charge, and some have suggested that the two tests are the same. *See Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184, 1188 (D.Md.1977) and cases cited therein. Regardless of what formulation is employed, "the most important considerations are whether the defendant had sufficient notice from the administrative charge of the alleged kinds and areas of discrimination and whether the administrative agencies and employers involved had an opportunity to work on a conciliation agreement for voluntary compliance in the challenged areas." *Metcalf v. Omaha Steel Castings Co.*, 507 F.Supp. 679, 685 (D.Neb.1981) (citing *Jiron v. Sperry Rand Corp. (Sperry-Univac)*,

423 F.Supp. 155, 159 (D.Utah 1975)); *National Organization for Women v. Sperry Rand Corp.*, 457 F.Supp. 1338, 1343 (D.Conn.1978).

For example, in *Latino v. Rainbo Bakers, Inc.*, 358 F.Supp. 870 (D.Colo.1973), the plaintiff did not allege sexual discrimination in her charge to the EEOC. Judge Arraj held that he had subject matter jurisdiction over the claim, because the EEOC had investigated sex discrimination, and had an opportunity to secure voluntary compliance. In addition, the defendant was notified of the alleged violation and could have voluntarily corrected it before the EEOC notified the plaintiff of her right to sue in court. On the other hand, in *Fix v. Swinerton & Walberg Co.*, 320 F.Supp. 58 (D.Colo.1970), Judge Chilson declined to entertain a claim of religious discrimination because a charge of religious discrimination had never been presented to the EEOC, and the Commission had not considered or passed upon the issue.

■ In this case, the CCRC found that plaintiff's charge "should be amended to include the allegation that the refusal to rehire was based on her perceived association with the Hispanic community group, La Frontera, ..." Therefore, the CCRC's finding notified the EEOC of possible discrimination based on plaintiff's association with the Hispanic community. Consequently, the EEOC was permitted to seek voluntary compliance through conciliation. In addition, CCRC's finding notified defendant of what it was allegedly doing wrong. Therefore, defendant could have voluntarily corrected the alleged wrong-doing before the EEOC notified plaintiff of her right to sue in court. Accordingly, I hold that I have subject matter jurisdiction under Title VII over plaintiff's claim that she was discriminated against because of her association with the Hispanic community.[2]

2. Defendant argues that the EEOC did not conciliate this claim, and, therefore, it should be dismissed. An actual attempt at conciliation, however, is not a jurisdictional prerequisite to a private suit. *Johnson v. Seaboard Air Line Rail-*

*road Co.*, 405 F.2d 645, 652 (4th Cir.1968); *Hubbard*, 436 F.Supp. at 1189; *Belcher v. Bassett Furniture Industries, Inc.*, 376 F.Supp. 593, 597 (W.D.Va.1974).

## III

■ Defendant contends that plaintiff's § 1985 claim should be dismissed for failure to state a claim upon which relief can be granted because she has not alleged that two or more parties conspired against her. I need not address this issue, however, because plaintiff's §§ 1983[3] and 1985[4] claims are dismissed *sua sponte.* These claims are dismissed because Title VII provides the exclusive remedy for defendant's alleged discriminatory acts.

In *Novotny*, 442 U.S. 366, 99 S.Ct. 2345, the Supreme Court held that "deprivation of a right created by Title VII cannot be the basis for a cause of action under 42 U.S.C. § 1985(3)." *Id.* at 378, 99 S.Ct. at 2352. The Court reasoned that such a § 1985(3) action would avoid the comprehensive procedural and remedial purposes of Title VII. *Id.* at 375–76, 99 S.Ct. at 2350–51. Following a similar analysis, I held that a § 1983 claim cannot be based on deprivation of a right created by Title VII. *Tafoya v. Adams*, 612 F.Supp. 1097, 1102 (D.Colo.1985). I noted, however, that a plaintiff "may assert violations of other statutes, such as ... § 1983, along with a Title VII claim in the same judicial proceeding as long as the other claims are independent and not based on violations of rights set forth in Title VII." *Id.* at 1102–03; *see also Day v. Wayne County Board of Auditors*, 749 F.2d 1199, 1204 (6th Cir.1984); *Rivera v. City of Wichita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir.1982). Thus, I must determine whether plaintiff's §§ 1983 and 1985 claims are independent and not based on violations of rights set forth in Title VII.

In *Novotny*, 442 U.S. 366, 99 S.Ct. 2345, the plaintiff alleged that he was terminated because of his support for female employees. The Supreme Court held that the allegation did not involve two independent rights. In *Tafoya*, 612 F.Supp. 1097, the plaintiff alleged that he was terminated in retaliation for filing a previous discrimination charge and for other discriminatory reasons. I held that the plaintiff's § 1983 claim was not independent of his Title VII claim.[5]

In this case, plaintiff alleges employment discrimination based on her gender, religion, participation in another Title VII complaint, and association with the Hispanic community. Such discriminatory practices are prohibited under Title VII. 42 U.S.C. §§ 2000e–2, 2000e–3; *see* part I *supra.* Plaintiff also alleges that she has been deprived of freedom of speech, academic freedom and freedom of association in violation of §§ 1983 and 1985. These claims,

3. 42 U.S.C. § 1983 provides:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4. 42 U.S.C. § 1985(3) provides in relevant part:
   If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to. be done, any act in furtherance of the object of such conspiracy, where-

by another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

5. A distinguishable case is *Owens v. Rush*, 654 F.2d 1370, (10th Cir.1981). There, the plaintiff claimed that the defendants unlawfully conspired against him and discharged him from his position in retaliation for helping his wife file an EEOC complaint. The Tenth Circuit held that the case was different from *Novotny*, because the plaintiff alleged deprivation of rights secured to him by the Constitution, in addition to deprivation of rights created by Title VII, whereas the plaintiff in *Novotny* attempted to assert only a Title VII claim through § 1985(3). *Id.* at 1380. Another factor that may have influenced the Tenth Circuit's decision is that the plaintiff had no substantive right conferred on him by Title VII because of a statutory exception. *See id.* at 1370.

however, are based on defendant's allegedly discriminatory acts which are prohibited under Title VII. Thus, plaintiff's §§ 1983 and 1985 claims are not independent of her Title VII claim. Title VII, therefore, constitutes the exclusive remedy in this case. Accordingly, plaintiff's §§ 1983 and 1985 claims are dismissed.

IT IS THEREFORE ORDERED THAT:

1. Defendant's motion to dismiss plaintiff's claim of discrimination based on her association with the Hispanic community for lack of subject matter jurisdiction under Title VII is DENIED.

2. Plaintiff's §§ 1983 and 1985 claims are dismissed.