Don L. PARR, Plaintiff-Appellant,

v.

WOODMEN OF THE WORLD LIFE
INSURANCE COMPANY,
Defendant-Appellee.

No. 85–8950
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 17, 1986.

David R. Sweat, Athens, Ga., for plaintiff-appellant.

Susan Buckingham Reilly, E.E.O.C., Washington, D.C., for amicus E.E.O.C.

Ginger S. McRae, Atlanta, Ga., for defendant-appellee.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

HATCHETT, Circuit Judge:

Appellant, Don L. Parr, a white man married to a black woman, seeks reversal of the judgment of the district court dismissing his complaint against Woodmen of the World Life Insurance Company (Woodmen), in which he alleged that the company discriminated against him "because of race" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and 42 U.S.C. § 1981. Finding that Parr's complaint set forth sufficient allegations to state a claim under both statutes, we reverse.

## BACKGROUND

In late May or early June of 1982, Parr applied for a position as an insurance salesman with Woodmen. He had experience as an insurance salesman and was well-qualified for the position. The Woodmen manager who interviewed Parr told him that he would probably be hired, but that he would have to return for a second interview. The manager also told Parr that Woodmen did not employ or sell insurance to black people. Parr told the employment service which had set up his interview of the manager's remarks and informed the employment service that he was married to a black woman. A representative of the employment service told Woodmen of Parr's interracial marriage, whereupon Woodmen's manager informed the employment service that he would advise against hiring Parr. Parr was not hired.

Parr filed a charge of race discrimination against Woodmen with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of Right to Sue, and on May 31, 1983, Parr filed this lawsuit.[1] On November 6, 1985, the district court held that Parr's complaint failed to state a claim upon which relief could be granted and dismissed his action.

Parr contends that the district court erred in dismissing his lawsuit because his complaint set forth sufficient allegations to state a claim of discrimination based on an interracial marriage. Such discrimination, Parr contends, is prohibited by section 1981 and Title VII. Woodmen contends that the issue of whether section 1981 and Title VII prohibit discrimination based on an interracial marriage or association is not presented because Parr's complaint did not allege that Woodmen discriminated against him because of his interracial marriage. Rather, Woodmen contends, Parr "alleged denial of employment because his wife was black and because Woodmen discriminated against blacks." Finally, Woodmen contends that even if Title VII proscribes discrimination based upon an interracial marriage, the literal language of Title VII precludes a finding that Parr states a claim because his race "was not even arguably a factor in the alleged discrimination."

Because the district court dismissed Parr's complaint for failure to state a claim upon which relief could be granted, we must deem Parr's material allegations as true. *McDonald v. Sante Fe Trail Transportation Co.*, 427 U.S. 273, 277, 96 S.Ct. 2574, 2577, 49 L.Ed.2d 493, 498 (1976); *Hospital Building Co. v. Rex Hospital Trustees*, 425 U.S. 738, 739, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338, 341 (1976).

## DISCUSSION

At the outset, we reiterate the often quoted maxim that pleadings are to be liberally construed.

[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. '[I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

1. On May 25, 1984, the district court issued an order consolidating this case with Don L. Parr v. Life and Casualty Insurance Company of Tennessee. The district court dismissed both actions in its order of November 6, 1985.

of facts in support of his claim which would entitle him to relief.'

*Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90, 96–97 (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ The most significant question in this case is whether Parr alleged that Woodmen discriminated against him because of his interracial marriage. After setting forth the relevant "facts," Parr's complaint alleged that he "was not hired by the defendant because of race." The above-cited rule of liberal construction requires us to construe pleadings liberally not only on the ultimate issue of whether a claim for relief is established, but on ancillary issues as well. Thus, we view Parr's complaint as alleging discrimination based upon his interracial marriage. No requirement exists that a plaintiff specifically state that he was discriminated against because of an interracial marriage or that he was discriminated against because of *his* race to allege discrimination based on an interracial marriage.

### A. *Section 1981 Claim*

In dismissing Parr's complaint, the district court failed to address his 42 U.S.C. § 1981 claim.[2] It is well settled that white persons have standing to sue under section 1981. *McDonald v. Santa Fe Trail Transportation Company,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). It is also well settled that section 1981 and Title VII are not coextensive in coverage. *Johnson v. Railway Express Agency,* 421 U.S. 454, 459, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295, 301 (1975).

Parr's issue—whether a claim of discrimination based upon an interracial marriage

is cognizable under section 1981—is not a novel one. This court's predecessor addressed the precise issue in *Faraca v. Clements,* 506 F.2d 956 (5th Cir.1975). Faraca, a white man married to a black woman, brought a section 1981 action against the director of the Georgia Mental Retardation Center. The director had refused to hire Faraca because of his interracial marriage. The former Fifth Circuit, holding that section 1981 proscribed such conduct, upheld the judgment of the district court awarding Faraca compensatory damages. *Faraca* is binding on this court.[3]

Other circuits that have considered the issue agree with the former Fifth Circuit that a claim of discrimination due to an interracial relationship is cognizable under section 1981. *See Fiedler v. Marumsco Christian School,* 631 F.2d 1144 (4th Cir. 1980) (white female student expelled for dating a black male student denied the right to contract because of racial association in violation of section 1981); *DeMatteis v. Eastman Kodak Company,* 511 F.2d 306 (2d Cir.1975) (white man forced into early retirement because he sold his house to a black person allowed to maintain action pursuant to section 1981).

■ In light of this precedent, Woodmen only contends that we should not recognize a claim of discrimination based on an interracial marriage or association under section 1981 because such a claim should not be recognized under Title VII. This contention is without merit. We hold that section 1981 prohibits discrimination based upon an interracial marriage or association, and that the district court erred in dismissing Parr's complaint which alleged such discrimination.

---

**2.** Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## B. The Title VII Claim

Title VII prohibits racially discriminatory employment practices.[4] The statute has been held to prohibit discrimination against white as well as black persons. *McDonald v. Santa Fe Trail Transportation Company*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).

In dismissing Parr's action, the district court simply stated that "[t]he alleged discrimination complained of is not proscribed by Title VII." Woodmen contends that the district court's holding is correct because Parr did not allege that he was discriminated against because of *his* race. Parr contends that the district court erred because Title VII is to be broadly construed, and a party need not specifically allege that he was discriminated against because of *his* race, but only show that adverse actions taken against him involved racial considerations.

Courts that have considered the issue have gone both ways. In *Ripp v. Dobbs Houses, Inc.*, 366 F.Supp. 205 (N.D.Ala. 1973), a white male who was discharged because of his association with black employees brought an action against his employer pursuant to Title VII. Stressing that Title VII prohibits discrimination against an individual because of "such individual's race," the court dismissed the complaint because "plaintiff makes no complaint that he has suffered any detriment on account of *his* race." *Ripp* at 208 (emphasis added). Similarly, in *Adams v. Governor's Committee on Post-Secondary Education*, 26 F.E.P. Cases 1348 (N.D.Ga. 1981), the court, relying on *Ripp*, held that a white man who alleged that he was discharged because of his interracial marriage failed to state a claim under Title VII because he did not claim that he was discriminated against because of *his* race. And, in another case involving the present appellant, *Parr v. United Family Life Insurance Company*, 35 F.E.P. Cases 95 (N.D. Ga.1983), the court, also relying on *Ripp*, came to the same conclusion.

In *Whitney v. Greater New York Corporation of Seventh Day Adventists*, 401 F.Supp. 1363 (S.D.N.Y.1975), where a white woman claimed that she was discharged in violation of Title VII because she maintained a social relationship with a black man, the court expressly rejected the *Ripp* analysis, stating:

> Manifestly, if Whitney was discharged because, as alleged, the defendant disapproved of a social relationship between a white woman and a black man, the plaintiff's race was as much a factor in the decision to fire her as that of her friend. Specifying as she does that she was discharged because she, a white woman, associated with a black, her complaint falls within the statutory language that she was '[d]ischarged ... because of [her] race.'

*Whitney* at 1366. In *Reiter v. Center Consolidated School District, No. 26–JT*, 618 F.Supp. 1458 (D.Colo.1985), where the plaintiff alleged that she was refused employment because of her association with the Hispanic community, the court, relying on *Whitney*, held that "discriminatory employment practices based on an individual's association with people of a particular race or national origin are prohibited under Title VII." *Reiter* at 1460. The court stated that its rationale was that "the plaintiff was discriminated against on the basis of [her] race because [her] race was different from the race of the people [she] associated with." *Reiter* at 1460.

In *Gresham v. Waffle House, Inc.*, 586 F.Supp. 1442 (N.D.Ga.1984), where a white female filed a Title VII complaint alleging that she was discharged because of her marriage to a black man, the court discussed *Ripp* but chose to follow *Whitney*, and held that the plaintiff stated a claim under Title VII. The *Gresham* court found

---

**4.** Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e–2(a)(1) provides:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

*Whitney*'s logic "irrefutable." *Gresham* at 1445.

We, too, find *Whitney's* logic irrefutable. Where a plaintiff claims discrimination based upon an interracial marriage or association, he alleges, by definition, that he has been discriminated against because of *his* race. It makes no difference whether the plaintiff specifically alleges in his complaint that he has been discriminated against because of *his* race. As this court's predecessor stated in *Culpepper v. Reynolds Metal Co.*, 421 F.2d 888, 891 (5th Cir.1970):

> Title VII of the 1964 Civil Rights Act provides us with a clear mandate from Congress that no longer will the United States tolerate this form of discrimination. It is, therefore, the duty of the courts to make sure that the Act works, and the intent of Congress is not hampered by a combination of a strict construction of the statute in a *battle with semantics.* [Emphasis added.]

Woodmen contends that even if a claim of discrimination based upon an interracial marriage or association is cognizable under section 1981, Parr's claim should not be entertained. Woodmen argues that unlike the plaintiffs in *Whitney* and the other cases cited, Parr cannot claim that *but for* his race being different from his wife's, he would have been hired. In other words, Woodmen contends that Parr cannot state a claim based upon discrimination due to an interracial relationship because he also claimed that Woodmen discriminated against blacks. Woodmen argues that if Parr's allegations are true, had Parr been black, he still would not have been hired. Consequently, in Woodmen's view, Parr's race was of no significance in the hiring decision, and thus his claim should not be cognizable. Woodmen's contentions are not persuasive. Had Parr been black, he would not have been hired, but that is a lawsuit for another day. Parr alleged that he was discriminated against because of his interracial marriage. Title VII proscribes race-conscious discriminatory practices. It would be folly for this court to hold that a plaintiff cannot state a claim under Title VII for discrimination based on an interracial marriage because, had the plaintiff been a member of the spouse's race, the plaintiff would still not have been hired.

Several factors make us resolute in our determination that Parr's complaint stated a claim under Title VII. First, we are obliged to give Title VII a liberal construction. *See Culpepper v. Reynolds Metal Co.*, 421 F.2d 888, 891 (5th Cir.1970).

Second, the EEOC, which Congress charged with interpreting, administering, and enforcing Title VII, has consistently held that an employer who takes adverse action against an employee or a potential employee because of an interracial association violates Title VII. *See* Decision 71–969, 1973 EEOC Dec. (CCH) ¶ 6193 (Dec. 24, 1970); Decision 71–1902, 1973 EEOC Dec. (CCH) ¶ 6281 (April 28, 1971; Decision 76–23, 1983 EEOC Dec. (CCH) ¶ 6615 (Aug. 25, 1975); Decision 79–03, 1983 EEOC Dec. (CCH) ¶ 6734 (Oct. 6, 1978). The EEOC's interpretation of Title VII is to be accorded "great deference." *Griggs v. Duke Power Co.*, 401 U.S. 424, 434, 91 S.Ct. 849, 855, 28 L.Ed.2d 158, 165 (1971).

Finally, while we have noted that section 1981 and Title VII are not coextensive in coverage, this court has held that when the two statutes are used as parallel bases of relief, their legal elements are identical. *Lincoln v. Board of Regents of Univ. System,* 697 F.2d 928, 935, n. 6 (11th Cir.1983) (citing *Whiting v. Jackson State Univ.*, 616 F.2d 116, 121 (5th Cir.1980)). Thus, it would be inconsistent to hold that Parr could state a claim of discrimination based upon an interracial marriage pursuant to section 1981, but not Title VII.

Accordingly, we reverse and remand.

**REVERSED AND REMANDED.**