BRYANT v AUTOMATIC DATA PROCESSING, INC

Docket No. 84919. Submitted February 12, 1986, at Lansing. Decided
    May 5, 1986.

Plaintiff, Alicia Bryant, brought an action in the Washtenaw
    Circuit Court against defendant, Automatic Data Processing,
    Inc., alleging employment discrimination by the defendant
    based on plaintiff's involvement in an interracial marriage. The
    trial court, Henry T. Conlin, J., granted defendant's motion for
    summary judgment based upon plaintiff's failure to state a
    claim upon which relief could be granted. Plaintiff appeals from
    the opinion and order to that effect. *Held:*

    1. Plaintiff's complaint is not simply one for marital status
    discrimination.

    2. Both the broad language of the Civil Rights Act and
    the policies behind the act should be read to provide pro-
    tection from discrimination for interracial couples. If an
    employer discriminates against a white (or black) employee
    because of the latter's marriage to a black (or white) spouse,
    the race of both the employee and the spouse is a motivating
    factor in the employer's decision to discriminate. Thus, it must
    be concluded that the employee in such a case is discriminated
    against "because of race" and the Civil Rights Act is appli-
    cable.

    3. Claims of racial discrimination based on alleged interracial
    marriage discrimination are cognizable under § 202 of the
    Civil Rights Act. The trial court improperly dismissed the
    plaintiff's action based on such a claim.

    4. Plaintiff was only required to allege that racial considera-
    tions motivated the defendant's conduct. Plaintiff has properly
    stated a claim for racial discrimination in alleging that she was
    the victim of discrimination based on her interracial marriage.

    Reversed.

REFERENCES

Am Jur 2d, Civil Rights §§ 98-153.
See the annotations in the ALR3d/4th Quick Index under Discrimi-
    nation and Race or Color.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — RACIAL DISCRIMI-
   NATION.

   A plaintiff asserting a claim of employment discrimination based
   on racial discrimination must show that race was a motivating
   factor in the defendant's decision to discriminate, but need not
   show that race was the exclusive cause (MCL 37.2202; MSA
   3.548[202]).

2. CIVIL RIGHTS — RACIAL DISCRIMINATION.

   There are at least two approaches for establishing a prima facie
   case of race discrimination: the disparate treatment theory or
   the intentional discrimination theory.

3. CIVIL RIGHTS — CIVIL RIGHTS ACT — JUDICIAL CONSTRUCTION.

   Federal civil rights cases may be persuasive authority in deter-
   mining the proper interpretation of the Michigan Civil Rights
   Act but they are not controlling (MCL 37.2101 *et seq.;* MSA
   3.548[101] *et seq.).*

4. CIVIL RIGHTS — ELLIOTT-LARSEN CIVIL RIGHTS ACT.

   The purpose of the Civil Rights Act is to prevent discrimination
   against persons based on their membership in a certain class
   and to eliminate the effects of offensive or demeaning stereo-
   types, prejudices, and biases (MCL 37.2101 *et seq.;* MSA
   3.548[101] *et seq.).*

5. CIVIL RIGHTS — RACIAL DISCRIMINATION — INTERRACIAL MARRIAGE
   DISCRIMINATION.

   Claims of racial discrimination in employment based on alleged
   interracial marriage discrimination are cognizable under the
   Civil Rights Act; the race of both an employee and the em-
   ployee's spouse is a motivating factor in an employer's de-
   cision to discriminate where the employer discriminates against
   an employee because of the employee's involvement in an inter-
   racial marriage; the Civil Rights Act is applicable to claims
   resulting from such discrimination (MCL 37.2101 *et seq.;* MSA
   3.548[101] *et seq.).*

*Law Offices of Philip Green* (by *Philip Green),*
for plaintiff.

*Schlussel, Lifton, Simon, Rands, Kaufman, Gal-
vin & Jackier* (by *Daniel D. Swanson* and *Michael
C. Curhan),* for defendant.

Before: R. B. BURNS, P.J., and BRONSON and J. C. TIMMS,* JJ.

BRONSON, J. Plaintiff filed suit in Washtenaw Circuit Court alleging employment discrimination against the defendant under the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* The circuit court determined that plaintiff's complaint asserting employment discrimination, based on her involvement in an interracial marriage, failed to state a claim upon which relief could be granted and granted defendant's motion for summary judgment. MCR 2.116(C)(8). Plaintiff now appeals as of right.

The facts of this case are straightforward. Plaintiff is a white woman married to a black man. On January 17, 1983, she began working for the defendant as a temporary secretary as a substitute for a permanent secretary who was on a leave of absence. Plaintiff alleges in her complaint that shortly after the defendant learned of her interracial marriage she was informed that she would be replaced by the person who had formerly held the permanent position, but that she would be given the opportunity to interview for other job openings. The plaintiff interviewed for fourteen positions from June 3, 1983, through July 1, 1983, but was not offered a job. Plaintiff claims that while she was employed by the defendant she performed competently and was the best-qualified applicant for many of the positions for which she interviewed.

The substance of plaintiff's claim of discrimination is set forth in paragraphs 12 and 13 of her complaint which state:

12. That the Defendant in refusing to offer any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the said positions to your Plaintiff and in refusing to maintain an employment relationship with your Plaintiff, having thereafter released her from employment with Defendant, did discriminate against Plaintiff because of the race or color of her spouse contrary to her rights as guaranteed under the Elliott-Larsen Civil Rights Act.

13. That Defendant engages in a pattern or practice of discriminating against black persons in the hiring, tenure, terms and conditions of employment and that said pattern and practice did serve to deny your Plaintiff her rights to equal employment opportunities free from discrimination as proscribed under the Elliott-Larsen Civil Rights Act.

In response to plaintiff's complaint, defendant filed a motion for summary disposition. Defendant argued in the court below, as it does on appeal, that the plaintiff's complaint alleges a claim of marital-status discrimination and that such a claim must fail because it is based on the identity of plaintiff's spouse. The trial court agreed with defendant and dismissed plaintiff's action based on our Supreme Court's opinion in *Miller v C A Muer Corp,* 420 Mich 355; 362 NW2d 650 (1984).

The first and most difficult issue that we must decide is whether a plaintiff can state a claim of discrimination under the civil rights act based on the plaintiff's involvement in an interracial marriage. This is an issue of first impression in Michigan.

As relevant to this case, the Civil Rights Act, MCL 37.2202; MSA 3.548(202), provides:

(1) An employer shall not:
(a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a

term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

Under § 202, a plaintiff asserting a claim of racial discrimination must show that race was a motivating factor in the defendant's decision to discriminate, but need not show that race was the exclusive cause. *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785, 794; 369 NW2d 223 (1985). It has been recognized that there are at least two approaches for establishing a prima facie case of race discrimination: the disparate treatment theory or the intentional discrimination theory. See *Schipani v Ford Motor Co,* 102 Mich App 606, 617; 302 NW2d 307 (1981).

In the present case, however, defendant asserts that plaintiff's claim of race discrimination based on her interracial marriage is grounded on the identity of the plaintiff's spouse and is therefore outside the protection of the civil rights act. According to the defendant, the gravamen of plaintiff's complaint is that her marital status caused the defendant to discriminate against her and thus she failed to state a claim. Defendant relies on the Supreme Court's decision in *Miller v C A Muer Corp, supra,* in support of its position.

In *Miller,* the Court held that antinepotism policies did not constitute discrimination based on marital status under the Elliott-Larsen Civil Rights Act. *Miller, supra,* pp 362-364. The Supreme Court refused to interpret the term "marital status" as this Court did to include "the identity, occupation, and place of employment of one's spouse." *Id.,* p 362. Instead, the Court reasoned that by including marital status as a protected class, the Legislature merely intended to prohibit discrimination based on *whether* a person is married.

We believe that defendant's reading of *Miller* as applicable to plaintiff's cause of action in the present case is over-broad and unwarranted. *Miller* had nothing to do with class or racial discrimination, but was limited to interpreting the term marital status. We cannot agree with defendant's assertion that plaintiff's complaint is simply one for marital status discrimination. In our opinion, plaintiff attempts to state a cause of action for *racial* discrimination based on her involvement in an interracial marriage, and the relevant consideration is whether § 202 authorizes such a claim. Therefore, we find that *Miller* is distinguishable and does not control the outcome of this case.

Plaintiff relies on federal cases under Title VII of the Civil Rights Act of 1964, 42 USC 2000e-2(a)(1), in support of her claim that she was discriminated against because of the race of her spouse. While federal civil rights cases can be persuasive authority in determining the proper interpretation of the Civil Rights Act, they are not controlling. *Dep't of Civil Rights ex rel Jones v Dep't of Civil Service,* 101 Mich App 295, 303; 301 NW2d 12 (1980), lv den 411 Mich 1034 (1981) (interpretation of Title VII need not control where state law dictates a contrary result).

We note that the federal courts are split on the issue of whether Title VII prohibits discrimination based on interracial marriage or association. Compare, *Holiday v Belle's Restaurant,* 409 F Supp 904 (WD Pa, 1976); *Whitney v Greater New York Corp of Seventh-Day Adventists,* 401 F Supp 1363 (SD NY, 1975) (white woman had standing to sue under Title VII based on her allegation that defendant discharged her because she was friends with a black man); *Gresham v Waffle House, Inc,* 586 F Supp 1442 (ND Ga, 1984), with *Ripp v Dobbs Houses, Inc,* 366 F Supp 205 (ND Ala, 1973);

*Adams v Governor's Committee,* 26 FEP Cases 1348 (ND Ga, 1981); *Parr v United Family Life Ins,* 35 FEP Cases 95 (ND Ga, 1983).

The purpose of the Civil Rights Act is to prevent discrimination against persons based on their membership in a certain class and to "eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases." *Miller, supra,* pp 362-363. Discrimination against interracial couples is certainly based on racial stereotypes and is derived from notions that the blood of the races should not mix. We believe that both the broad language of the civil rights act and the policies behind the act should be read to provide protection from discrimination for interracial couples. If an employer discriminates against a white (or black) employee because of the latter's marriage to a black (or white) spouse, the race of both the employee and the spouse is a motivating factor. Thus, it must be concluded that the employee in such a case is discriminated against "because of race" and the civil rights act is applicable. Indeed, if we were to hold otherwise, then employees subject to such invidious discrimination would have no recourse under state law and an employer could legally engage in such discrimination. We do not believe that the Legislature intended such a result.

Therefore, we hold that claims of racial discrimination based on alleged interracial marriage discrimination are cognizable under § 202 of the Civil Rights Act and the trial court improperly dismissed the plaintiff's action based on such a claim.

Defendant also argues that plaintiff's complaint was insufficient to state a claim for racial discrimination because she alleged that defendant discriminated against her because of her husband's race. We disagree. Plaintiff was only required to allege

that racial considerations motivated the defendant's conduct. Her complaint clearly states that she was the victim of discrimination based on her interracial marriage. Thus, it can be inferred that plaintiff's race, as well as her husband's race, motivated the defendant's conduct. While defendant correctly points out that plaintiff states in her brief that she is not complaining of discrimination based on her own race, that statement must be read in context with the type of action the plaintiff has asserted. Therefore, we believe that plaintiff has properly stated a claim for racial discrimination.

In conclusion, since the trial court in this case incorrectly concluded that plaintiff's action for racial discrimination based on her involvement in an interracial marriage could not be maintained under the Civil Rights Act, the judgment of that court is reversed. We believe that such a claim is cognizable under the Civil Rights Act and that plaintiff's complaint adequately states a claim upon which relief could be granted.

Reversed and remanded.