NOECKER v DEPARTMENT OF CORRECTIONS

Docket No. 127059. Submitted October 19, 1993, at Lansing. Decided December 20, 1993, at 9:15 A.M.

Audra K. Noecker brought an action in the Ingham Circuit Court against the Department of Corrections, alleging employment discrimination based on marital status. The plaintiff alleged that the defendant assigned her to work the night shift, knowing that she wanted to work the day shift because of her family obligations, in the hope of forcing her to resign from her employment with the defendant. A jury returned a verdict in favor of the plaintiff, and the court, James T. Kallman, J., entered judgment on the verdict. The defendant appealed, asserting that the court erred in denying its motion for a judgment notwithstanding the verdict, because its conduct could not be considered to be discrimination based on marital status under § 202 of the Civil Rights Act, MCL 37.2202; MSA 3.548(202).

The Court of Appeals *held:*

An employer's failure to tailor an employee's work schedule to accommodate the employee's family or marital obligations is not, in and of itself, discrimination based on marital status within the meaning of the Civil Rights Act. The plaintiff failed to establish that the attempts by the defendant to force her to resign were motivated by her marital status. Discrimination based on marital status is established by a defendant's motive, not by the means it adopts to carry out that motive. Because the plaintiff failed to establish that the defendant's intent to force her to resign was motivated by her marital status, discrimination under the Civil Rights Act was not established, and the court should have granted the defendant's motion.

Reversed.

CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — MARITAL STATUS.

An employer's failure to tailor an employee's work schedule to

REFERENCES

Am Jur 2d, Job Discrimination §§ 466, 473.

What constitutes employment discrimination on basis of marital status for purposes of state civil rights law. 44 ALR4th 1044.

accommodate the employee's family or marital obligations is not, in and of itself, discrimination based on marital status within the meaning of the Civil Rights Act (MCL 37.2202; MSA 3.548[202]).

*Marks, Svendsen & Bird, P.C.* (by *William P. Marks*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *A. Peter Govorchin,* Assistant Attorney General, for the defendant.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and MURPHY, JJ.

PER CURIAM. Defendant appeals from the judgment of the circuit court entered pursuant to a jury verdict finding that defendant discriminated against plaintiff, its former employee, on the basis of her marital status. We reverse.

Plaintiff is a registered nurse. In the summer of 1985, plaintiff interviewed for a position at the Lakewood Correctional Facility in Coldwater, which was scheduled to open that fall. Plaintiff specified that she was only interested in working the day shift because, as a wife and mother, she wanted to provide transportation for her children from school and to care for her children after school. Douglas Wills, defendant's employee conducting the hiring for the facility, indicated that plaintiff would be hired as an RN II and would work the day shift.

Shortly thereafter plaintiff resigned her prior job and began her position with defendant; however, she was told that she was classified as an RN I at a decreased salary, that she would not be working the day shift, and that she would be working at the women's prison and would not be transferring to the Lakewood Correctional Facility.

Plaintiff repeatedly complained to her supervisors about the unfulfilled employment promises. As a result of her complaints, defendant began a series of tactics designed to force plaintiff to resign. One tactic defendant used was to assign plaintiff to the night shift, knowing that she wanted to work the day shift because of her family obligations. Defendant had apparently successfully used this tactic to force the resignation of other employees who had complained about the terms of their employment.

After plaintiff endured defendant's efforts to make her work life unpleasant for several months, plaintiff's employment was terminated. Plaintiff filed this action against defendant, alleging in part that defendant had discriminated against her in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Plaintiff contended that defendant had discriminated against her on the basis of her marital status by assigning her to the night shift, which defendant knew she did not wish to work because of her family obligations. The jury concluded that the defendant had discriminated against plaintiff on the basis of her marital status and awarded plaintiff $37,715.60. The circuit court denied defendant's motion for judgment notwithstanding the verdict. In a related action, the Court of Claims held in favor of plaintiff on her wrongful discharge claim against defendant, awarding her $21,380.

Defendant contends that it is entitled to judgment notwithstanding the verdict because defendant's conduct can not be considered discrimination based on marital status under the Civil Rights Act. While we find defendant's conduct reprehensible, we agree that defendant did not discriminate against defendant on the basis of her marital status.

During the period relevant to this suit, § 202 of the Civil Rights Act, MCL 37.2202; MSA 3.548(202), provided in part:

> (1) An employer shall not:
> (a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment because of religion, race, color, national origin, age, sex, height, weight, or marital status.
> (b) Limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion, race, color, national origin, age, sex, height, weight, or marital status.

The purpose of the act is to prevent discrimination directed against a person because of that person's membership in a certain class and to eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases. *Radtke v Everett,* 442 Mich 368, 379; 501 NW2d 155 (1993); *Miller v C A Muer Corp,* 420 Mich 355, 362-363; 362 NW2d 650 (1984). Although the act does not define marital status, our Supreme Court has determined that the Legislature's intent in including marital status as a protected class was to prohibit discrimination based upon whether one is married. *Id.,* 363. Discrimination based upon marital status does not include consideration of the identity, occupation, or place of employment of one's spouse. *Id.*; see also *Whirlpool Corp v Civil Rights Comm,* 425 Mich 527, 530-531; 390 NW2d 625 (1986). In *Miller* and *Whirlpool,* our Supreme Court upheld the validity of the employers' antinepotism policies, determining that considering to

whom one is married is not discrimination based upon marital status. In a somewhat similar case, this Court in *Bryant v Automatic Data Processing, Inc,* 151 Mich App 424; 390 NW2d 732 (1986), considered the plaintiff's claim that she was discriminated against because of her husband's race to be a claim for racial discrimination and not a claim of discrimination based on marital status.

In this case, plaintiff contends that because defendant wanted her to resign, it assigned her to work the night shift, which it knew she was opposed to working. Defendant further knew that the reason plaintiff was opposed to working the night shift was her desire to be home with her family in the evening, particularly when her children arrived home from school. However, plaintiff has not demonstrated, or even alleged, that defendant's efforts to force her to resign, however underhanded, were based upon whether she was married. Rather, defendant wanted plaintiff to resign because she had complained about her employment terms and chose to force plaintiff's resignation by making her work schedule difficult. Therefore, defendant assigned plaintiff to work nights, knowing that she wanted to work days. It is irrelevant that the reason plaintiff desired to be home in the evenings was to be with her husband and children.

Stated another way, an employer's failure to tailor an employee's work schedule to accommodate the employee's family or marital obligations is not, in and of itself, discrimination based on marital status. For example, parents, whether married or unmarried, may wish to have evenings free to care for children. Unmarried people may wish to have evenings or weekends free for dating. If an employer assigns an unmarried employee to work weekends, knowing that the employee pre-

ferred to have weekends free to date, the employer has not necessarily discriminated against the employee on the basis of marital status. In this case, it is apparent that defendant's motive was to assign plaintiff to whatever schedule was most inconvenient, regardless of the reasons behind plaintiff's schedule preference and regardless of her marital status. Because defendant's actions do not relate to whether plaintiff was married, plaintiff did not establish discrimination based upon marital status under the act.

Reversed.