**Jeffrey KRUGER, Plaintiff,**

v.

**PACIFIC BENEFITS GROUP NORTH-WEST, LLC; Shane Nichols; Scott Ballard; and Steve Scott, Defendants.**

**No. CIV.01–9120BR.**

United States District Court, D. Oregon.

Dec. 18, 2001.

Martin C. Dolan, Ramis Crew Corrigan & Bachrach, LLP, Portland, for Plaintiff.

Amy Joseph Pedersen, David P Rossmiller, Tonkon Torp LLP, Portland, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendants' Motions for Summary Judgment (# 35). For the reasons that follow, Defendants' Motions for Summary Judgment are **GRANTED** as to Plaintiff's Title VII claim, and that claim is **DISMISSED with prejudice.** Plaintiff's remaining state law claims are **REMANDED** to state court.

### *PROCEDURAL BACKGROUND*

On November 20, 2000, Kruger filed an action in Multnomah County Circuit Court. The Complaint alleged nine separate state law claims: a wage claim under Or.Rev. Stat. § 652.140 based on Pacific Benefits's alleged failure to pay Kruger the commissions he earned before the termination of the parties' relationship; a wrongful deductions claim under Or.Rev.Stat. § 652.610 based on Pacific Benefits's automatic deductions from Kruger's paycheck allegedly made without his authorization; a common law whistleblowing or retaliation claim and a wrongful discharge claim based on Pacific Benefits's termination of Kruger's employment allegedly in retaliation for Kruger's filing of a complaint with the Oregon Insurance Commissioner regarding Pacific Benefits's arguably unlawful and unethical insurance practices; a common law defamation claim based on the individual Defendants' alleged statements that Kruger burglarized Pacific Benefits's offices and stole client leads after he was terminated; a common law breach-of-contract claim and a common law unjust enrichment claim based on Pacific Benefits's alleged failure to pay Kruger commissions he earned and to reimburse Kruger for his expenses; a common law claim for intentional interference with prospective business advantage based on the individual Defendants' alleged post-termination efforts to convince insurers to end their business relations with Kruger; and a sex discrimination claim under Or. Rev.Stat. § 659.030 based on the allegation that Pacific Benefits fired Kruger "after learning that plaintiff's wife was pregnant

and had filed a medical benefit claim with her insurance company, Fortis, defendant's biggest client."

On May 14, 2001, Kruger filed in the same state court a new action in which he alleged Defendants violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, by discharging him "on the basis of his sex because of his wife's pregnancy and attempts and complaints plaintiff and his wife made due to the need to obtain insurance coverage for expenses related to the pregnancy." The parties then stipulated to the consolidation of the two cases.

On June 15, 2001, Defendants removed the consolidated matters to federal court on the basis of federal question subject matter jurisdiction. Defendants asked the Court to exercise supplemental jurisdiction over the pendent state law claims.

### FACTUAL BACKGROUND

The following facts are undisputed: Until October 2000, Plaintiff Jeffrey Kruger was a Regional Manager with Defendant Pacific Benefits Group Northwest, LLC, a small Portland-based insurance brokerage firm. Each of the three individual Defendants is a principal of Pacific Benefits.

In late 1999, Kruger's wife purchased a health insurance policy with Fortis insurance company through Pacific Benefits. Fortis was Pacific Benefits's largest client. In July or August 2000, Mrs. Kruger learned she was pregnant and sought medical care for her pregnancy. Fortis denied Mrs. Kruger's request for payment of health care benefits relating to her pregnancy.

The Krugers attempted to resolve their coverage dispute with Fortis to no avail. Because Pacific Benefits had sold the policy to his wife, Kruger expressed his dissatisfaction with Fortis's handling of his wife's medical expenses to Defendants Ballard, Nichols, and Scott. On October 26, 2000, Kruger informed Defendant Ballard

he and his wife intended to file a complaint against Fortis with the Insurance Commissioner of the State of Oregon to resolve the maternity coverage issue.

The parties dispute the events that followed. Kruger contends Defendant Nichols left Kruger a telephone voice mail message on October 27, 2000, in which Nichols allegedly stated Kruger had "gone too far." Kruger also asserts Nichols called another Regional Manager for Pacific Benefits, Steven Marsh, and told him Kruger had been fired because of his "bad attitude and because his wife threatened to file a complaint against Fortis over a maternity claim" and explained that Pacific Benefits "would not tolerate someone who's [*sic.*] wife was going to do that." Finally, according to Kruger, Marsh then called Kruger and recounted his conversation with Nichols. Plaintiff's relationship with Pacific Benefits ended that day.

### PLAINTIFF'S TITLE VII CLAIM

#### Standard

Fed.R.Civ.P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001). In response to a properly-supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e).

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Guidroz–Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (internal quotation and citation omitted). The Court must resolve against the

moving party all reasonable doubts about whether genuine issues of material fact exist, and the Court must view all inferences drawn from the facts in the light most favorable to the nonmoving party. *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir.2000). A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1389 (9th Cir.1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich,* 142 F.3d 1145, 1147 (9th Cir.1998) (citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. *Addisu,* 198 F.3d at 1134. If the resolution of a factual dispute would not affect the outcome of the claim, the Court is not precluded from entering summary judgment. *Arpin,* 261 F.3d at 919.

### Discussion

Title VII of the Civil Rights Act prohibits employers from discriminating against their employees on the basis of gender. 42 U.S.C. § 2000e–2(a)(1). The Pregnancy Discrimination Act amended Title VII to explicitly provide that discrimination on the basis of sex includes actions taken "because of or on the basis of pregnancy, childbirth or related medical conditions." 42 U.S.C. § 2000e(k).

A Title VII employment discrimination claim may proceed on either a single-motive theory or a mixed motive theory. *Costa v. Desert Palace, Inc.,* 268 F.3d 882, 886 (9th Cir.2001). In a mixed motive case, the plaintiff must prove that "an impermissible motive played a motivating part in an adverse employment decision." *Id.* (quoting *Price Waterhouse v. Hopkins,* 490 U.S. 228, 250, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). *See also* 42 U.S.C. § 2000e(m). In particular, the plaintiff must produce "direct and substantial evidence of discriminatory animus." *Costa,* 268 F.3d at 889. Evidence that merely raises an inference of discrimination from differential treatment is not sufficient. *Id.* at 886. If the plaintiff meets his burden of proof, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that the defendant would have made the same decision in spite of plaintiff's gender. *Id.*

Male employees as well as female employees are protected against discrimination under Title VII. *Newport News Shipbuilding and Dry Dock Co.,* 462 U.S. 669, 682, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983). Thus, an employer's benefit plan that provides married female employees health care benefits for pregnancy-related expenses but excludes benefits for the pregnant spouses of married male employees unlawfully discriminates against married male employees on the basis of their sex. Such a plan unlawfully treats male employees in " 'a manner which but for that person's sex would be different.' " *Id.* at 683, 103 S.Ct. 2622 (quoting *Los Angeles Dep't of Water & Power v. Manhart,* 435 U.S. 702, 711, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978)).

Based in part on this language, at least one district court has held a married man with a pregnant spouse may pursue a claim under Title VII if he can show his employer fired him because of a prejudice against pregnant women. *Nicol v. Imagematrix, Inc.,* 773 F.Supp. 802, 804 (E.D.Va.1991). The court analogized to claims of discrimination based on interracial relationships and noted even if the "root animus" of the termination decision is "anti-pregnancy prejudice," the resulting discrimination is still against the employee's gender because "only males can have pregnant spouses." *Id.* at 805.

■ The Ninth Circuit has not addressed whether a male employee with a pregnant spouse may pursue a Title VII claim for discharge based on anti-pregnancy animus. This Court, however, need not reach this issue here. Even if a male employee may pursue such a claim, Kruger has presented no evidence to support a finding that his wife's pregnancy or his gender played a motivating part in Defendants' decision to fire him. In fact, the evidence produced by Kruger in support of his sex discrimination claim actually supports a finding that Kruger was fired for his adversarial efforts against his employer's top client rather than because of his sex or wife's pregnancy.

Kruger contends "one of the reasons" Pacific Benefits fired him was "his and his wife's advocacy regarding her pregnancy and those things which affected it." In support of this claim, Plaintiff offers several statements of Defendant Nichols. Nichols told a co-worker that Kruger was terminated because of his "bad attitude and because his wife threatened to file a complaint against Fortis over a maternity claim" and stated the company would not tolerate someone with a wife who would file such a complaint. Nichols also left the message for Kruger indicating Kruger was fired because he had "gone too far."

No discriminatory animus is evident on the face of Nichols's statements nor can such animus be inferred from them. Nichols never stated Kruger was fired because his wife was pregnant or because Kruger was a male. Nichols's statements themselves are gender neutral. The Court concludes the only reasonable inference from Nichols's statements is that Defendants fired Kruger because his actions with regard to Fortis were likely to harm Pacific Benefits's business relationship with its largest client. Kruger did not go "too far" by impregnating his wife; in fact, Pacific Benefits was aware Kruger's wife had been pregnant for some time prior to his termination on October 27, 2000. Instead, Kruger went "too far" by threatening to file a complaint regarding the insurance practices of his employer's largest client.

The fact that the underlying dispute with Fortis happened to involve Mrs. Kruger's pregnancy is irrelevant. As Defendants point out, Kruger's dispute with Fortis easily could have involved benefits under Mrs. Kruger's automobile insurance policy or homeowner's insurance policy. Nothing in Nichols's statements indicates Pacific Benefits would have treated Kruger any differently under those circumstances.

Additionally, Kruger offers no evidence that he was treated any differently than female employees who threatened to file complaints for insurance abuses, maternity or otherwise, against Pacific Benefits's major clients. Likewise, Kruger offers no evidence to show he was treated any differently than other male employees who made similar threats, but whose wives were not pregnant and whose complaints did not involve maternity benefits.

Viewing the evidence in the light most favorable to Kruger, he has failed to produce direct and substantial evidence that he was treated differently because he was a man or because he was the husband of a pregnant woman. Based on the foregoing, the Court finds no genuine issue of material fact exists; therefore, Defendants' Motion for Summary Judgment on Kruger's sexual discrimination claim under Title VII is granted.

### PLAINTIFF'S STATE LAW CLAIMS

#### Standards

■ 28 U.S.C. § 1367(a) provides a district court with original jurisdiction over any civil action "shall have supplemental jurisdiction over all other claims that are

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." If the authority to exercise supplemental jurisdiction is conferred under § 1367(a), a court may decline to assert supplemental jurisdiction over a pendent state claim only if one of the exceptions under § 1367(c) applies. *Executive Software North America, Inc. v. U.S. Dist. Court for the Cent. Dist. of California,* 24 F.3d 1545, 1555–56 (9th Cir.1994).

■■■ 28 U.S.C. § 1367(c)(3) provides the district court may decline to exercise supplemental jurisdiction over pendent state law claims if the district court has dismissed all claims over which it has original jurisdiction. When determining whether to exercise supplemental jurisdiction or to remand the pendent state law claims under subsection (c)(3), the district court is informed by the "underlying objectives ... of [judicial] economy, convenience, fairness, and comity." *Executive Software,* 24 F.3d at 1557. " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.' " *Acri v. Varian Assoc., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). Under § 1367(c)(3), the district court is not required to articulate on the record the specific reasons for declining to exercise jurisdiction. *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 478–79 (9th Cir.1998).

### Discussion

■■ This Court has granted Defendants' Motions for Summary Judgment on Kruger's Title VII claim, the only claim arising under federal law.

Kruger's remaining state statutory and common law claims originally were filed in state court and prosecuted there for several months before the parties agreed to consolidate them with Kruger's later-filed Title VII action. These original claims involve the interpretation of state law, and as such, are best resolved by a state trial court.

As noted, the Court may remand pendent state law claims if all federal claims are dismissed before trial. Little substantive activity concerning the state claims has occurred since the consolidated matters were removed to this Court with the exception of the current motions. The parties may refile in state court the existing briefs on Defendants' Motions for Summary Judgment regarding Kruger's state claims with little additional effort. Nothing suggests an exceptional or extraordinary circumstance to justify the exercise of federal jurisdiction over these claims in the absence of Kruger's unsuccessful federal claim. Moreover, as a matter of comity, this Court is a court of limited jurisdiction that should defer to the state court on issues that are clearly within that court's jurisdiction and expertise.

Accordingly, in the exercise of its discretion under 28 U.S.C. § 1367(c)(3), this Court declines to assert jurisdiction over Kruger's pendent state law claims and remands this action to state court.

### CONCLUSION

For these reasons, Defendants' Motions for Summary Judgment are **GRANTED** as to Plaintiff's Title VII claim, and that claim is **DISMISSED with prejudice.** Plaintiff's remaining state law claims are **REMANDED** to state court.

IT IS SO ORDERED.