**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT W. COLLIN,
<u>Plaintiff-Appellant,</u>

v.

RECTORS AND VISITORS OF THE
UNIVERSITY OF VIRGINIA, Department

No. 96-1078

of Urban and Environmental
Planning; WILLIAM LUCY; DAVID
PHILLIPS; A. BRUCE DOTSON;
RICHARD COLLINS; DAPHNE SPAIN;
TIMOTHY BEATLEY; HARRY PORTER,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
B. Waugh Crigler, Magistrate Judge.
(CA-93-74-C)

Submitted: April 21, 1998

Decided: August 31, 1998

Before NIEMEYER and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Margaret M. Cain, Charlottesville, Virginia, for Appellant. Earl C.
Dudley, Jr., Associate General Counsel & Special Assistant Attorney

General, Lee E. Goodman, Associate General Counsel & Special Assistant Attorney General, UNIVERSITY OF VIRGINIA, Charlottesville, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert W. Collin was a tenure-track faculty member of the Department of Urban and Environmental Planning in the University of Virginia's School of Architecture. Despite renewing Collin's initial appointment, at the end of Collin's evaluation period, the faculty of the School did not extend Collin an offer of tenure. Collin appealed this decision directly to the Provost. With the aid of two of the members of the Promotion and Tenure Committee, Provost Thomas Jackson conducted a de novo review of Collin's record. Based on the reviews of Collin's body of academic work by the committee members, Provost Jackson's own review of Collin's work, and the consensus of the Provost's eleven-member Promotion and Tenure Committee, Provost Jackson denied Collin's request for tenure.

As a result of this decision, Collin filed this action alleging that the University of Virginia and several of its faculty members had engaged in racial discrimination in the tenure decision process. In addition, Collin alleged that the tenure decision and other unfavorable employment decisions, such as office placement, computer service, telephone service, funding decisions, research decisions and the threat of a harassment action were in retaliation for Collin's participation in various protected activities. Collin placed special emphasis on a letter from the chair of the Urban and Environmental Planning Department at the University of Virginia to his counterpart at the University of Oregon where Collin was applying for a position. In that letter, the chair described Collin's recent behavior as "bizarre" and "inconsis-

2

tent." Collin filed a motion for partial summary judgment on this evidence of retaliation alone. However, on the Defendant's motion, the magistrate judge granted summary judgment in favor of the University and its faculty and dismissed the action. This appeal followed.

This court reviews grants of summary judgment in discrimination cases de novo. See Jones v. Wellham, 104 F.3d 620, 626 (4th Cir. 1997). Summary judgment is properly granted if the movant can show that there is no material fact in dispute when viewing the evidence in the light most favorable to the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).

To establish a prima facie case of discriminatory discharge, Collin must show: (1) he is a member of a protected class; (2) he was qualified for the job and performed satisfactorily; (3) in spite of his qualifications and performance, he was discharged; and (4) the position remained open to similarly qualified applicants after his dismissal. See Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). This case is somewhat unusual in that Collin himself is white; his basis for claiming membership in a protected class is that his wife is African-American. Hampered by the parties' failure to provide any judicial authority, persuasive or otherwise, the magistrate judge concluded that Collin's marriage was not sufficient to qualify him as a member of a protected class. As a result, the magistrate judge held that Collin could not make out a prima facie case of discriminatory discharge.

Although the parties did not err in asserting that this court has no published authority directly on point, it is generally accepted that the spouses of members of protected parties may be able to make out a prima facie case of discriminatory discharge. See Parr v. Woodmen of the World Life Ins. Co., 791 F.2d 888, 892 (11th Cir. 1986); see also Fiedler v. Marumsco Christian Sch., 631 F.2d 1144, 1150 (4th Cir. 1980) (reaching a similar conclusion in a case under 42 U.S.C. § 1981 (1994)). That is true because the plaintiff is alleging "by definition, that he has been discriminated against because of his race." Parr, 791 F.2d at 892.

Prudently, the magistrate judge did not rest his decision solely on this conclusion. The magistrate judge also determined that Provost Jackson's decision, untainted as it was by any hint of racial bias,

broke any chain of causation from Collin's evidence of bias regarding the tenure decision at the Departmental level.

Especially in light of the "great trepidation" with which federal courts act in the consideration of tenure decision discrimination claims by aggrieved professors, Collin has failed to made out a prima facie case of discriminatory discharge. See Jiminez v. Mary Washington College, 57 F.3d 369, 376-77 (4th Cir. 1995). We "operate with reticence and restraint regarding tenure-type decisions" resulting in a necessarily narrow review. Id. at 377. Consequently, we must determine only whether Collin's promotion was denied because of a discriminatory reason. Id.

The record is bereft of evidence that the ultimate decision-making party, the Provost, reached his decision based on anything other than academic reasons. Collin admitted in his deposition that he had no evidence of an impermissible motivation on Provost Jackson's part. The record shows that Provost Jackson considered Collin's scholarship to be of inferior quality. This opinion did not stem from any discriminatory determination. Rather, it was based on Jackson's own review of Collin's body of work in combination with the review of other members of the Promotion and Tenure Committee. Without acting as a "super personnel council," and without a hint of reliance on a discriminatory reason by this body, we cannot find that Collin advanced a prima facie case of discriminatory discharge. Id. at 376.

On appeal, Collin claims that the Provost's review was not "untainted." He suggests that because the Provost, in his capacity as the Dean of the Law School, did not extend an offer of faculty employment to Collin's wife, he could not have afforded Collin's candidacy an independent review. Collin also suggests that because Provost Jackson ultimately declined to offer Collin tenure, the Provost's review was not independent. Finally, Collin contends that because Provost Jackson appointed the magistrate judge who decided this case to the faculty of the University of Virginia School of Law at some time before this lawsuit was ever contemplated, the Provost's review was not independent. This line of argument mistakes our limited review. The inquiry is not to determine whether the final decision-maker was "independent," but rather, whether the decision was made for a discriminatory reason. There is simply no evidence that it was.

4

Similarly, Collin invites this court to reweigh the merits of his scholarship against its deficiencies seeking a more favorable decision from this court than from his colleagues. We decline to do so. We are surely not as qualified to evaluate the quality of Collin's research and writing in the context of the standards of the Department of Urban and Environmental Planning in the School of Architecture at the University of Virginia as its own faculty. Furthermore, it is not the role of the federal court to assess the quality of a professor's scholarly work. In the absence of evidence of a discriminatory reason, there is no cause to conclude that the University's decision was in violation of Title VII.

Turning to Collin's claim of retaliation for his protected activities, in order to establish a prima facie case of retaliation, Collin must prove: (1) he engaged in a protected activity; (2) the University took adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. See Carter, 33 F.3d at 460. The magistrate judge concluded that all events described by Collin as retaliatory were explained by legitimate non-discriminatory reasons that were rebutted only by Collin's claims that they were racially motivated. See, e.g., Wright v. National Archives & Records Serv., 609 F.2d 702, 716 (4th Cir. 1979).

Collin has shown that he engaged in numerous protected activities, including his marriage, his research and advocacy, his conversations with the press, and ultimately the filing of his EEOC complaint. Taken in a light most favorable to Collin, the actions taken by the Department and its members could be construed as adverse. However, in each instance of allegedly retaliatory action, Collin has failed to establish the crucial causal connection between that action and his protected activities. None of the evidence of record even suggests that any of the specific actions on the part of the Department were motivated by Collin's identified protected activities.

In attempting to assign error to the magistrate judge's order by asserting that such a connection exists, Collin either badly mischaracterizes the evidence of record, or relies on the stray comments of non-decision makers. While derogatory remarks may be direct evidence of discrimination, see Wilhelm v. Blue Bell, Inc. , 773 F.2d 1429, 1433-34 (4th Cir. 1985), "Title VII was not designed to create a federal

5

remedy for all offensive language and conduct in the workplace." Hopkins v. Baltimore Gas & Elec., 77 F.3d 745, 754 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3240 (U.S. Oct. 7, 1996) (No. 95-1961). The allegedly discriminatory remarks, therefore, cannot be stray or isolated statements. According to the Seventh Circuit, "[u]nless the remarks upon which plaintiff relies were related to the employment decision in question, they cannot be evidence of [discrimination]." See McCarthy v. Kemper Life Ins. Co., 924 F.2d 683, 686-87 (7th Cir. 1991). The comments identified by Collin were not so related, and are not, therefore, evidence of discrimination.

Because Collin based his motion for partial summary judgment solely on it, his claim regarding the letter to a prospective employer warrants some further analysis.* Negative references to potential employers may constitute sufficient adverse action to state a retaliation claim. See Robinson v. Shell Oil Co., 519 U.S. 337, ___, 65 U.S.L.W. 4103, 4104-05 (U.S. Feb. 18, 1997) (No. 95-1376). Here, the magistrate judge concluded that the letter was not sufficient to support a claim of retaliation because Collin did not show that he did not get the position at the University of Oregon because of the comments therein. However, because the dissemination of adverse information with an impermissible motive is itself the violation of Title VII, Collin's ultimate success or failure in obtaining the position is beside the point. Id.

The Defendants focus on the fact that the letter pre-dated Collin's EEOC complaint. Because of this chronology, contends the University, the letter could not have been retaliatory. This assertion does not account for the possibility that the letter was in retaliation for other protected activities, such as the comments to the press referenced in the letter, which preceded the drafting of the letter. However, as the magistrate judge correctly noted, the letter was not sufficiently

_____

*In light of our conclusion regarding the merits of this claim, we need not revisit the magistrate judge's determination that Collin's motion for partial summary judgment was untimely. In addition, we note that such a review would result in speculation on the part of this court, as the magistrate judge concluded that the motion was not filed in accordance with his pre-trial order. The terms of that order are not preserved in the record on appeal.

6

adverse to Collin to serve as the basis for a Title VII claim. Although it described Collin's recent activities as "bizarre" and "inconsistent," the letter was apparently motivated by a request for information from the potential employer and primarily served as a cover letter for several newspaper articles reporting Collin's own comments. Moreover, the admissibility of this documentary evidence is dubious at best. Although Collin claims on appeal that the letter was on departmental stationery, typed by a secretary, and signed by the department chair, none of those indicia of reliability are apparent from the document contained in the record on appeal. See Fed. R. Evid. 901(a). The ruling on the summary judgment motion must be made on such evidence as was admissible. Fed. R. Civ. P. 56(e). Consequently, the letter does not support a claim for retaliatory discrimination.

Collin's remaining two claims need not detain us for long. Collin first suggests that the magistrate judge erred by failing to recuse himself from consideration of this case based on his employment with the University of Virginia School of Law. This claim is completely without merit. Not only did Collin wait until after the magistrate judge entered an order adverse to his cause of action to raise this issue, but Collin presented his concern regarding the magistrate judge in a pro se response to the Defendants' motion for costs. The response to a post-judgment motion is not the appropriate time or vehicle for such a complaint. See 28 U.S.C. §§ 144, 455 (1994). Moreover, Collin consented to the jurisdiction of the magistrate judge and agreed that the magistrate judge should be empowered to enter a dispositive order in his case. See 28 U.S.C. § 636(c) (1994). An appellant may not complain on appeal of errors he has himself induced or invited. See Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996), cert. denied, 65 U.S.L.W. 3689 and 65 U.S.L.W. 3693 (U.S. Apr. 14, 1997) (No. 96-1365); Cranston Print Works Co. v. Public Serv. Co., 291 F.2d 638, 649 (4th Cir. 1961). Consequently, we decline to consider Collin's eleventh hour assertion that the magistrate judge should have been recused from the case.

Finally, Collin makes an ill-formed complaint about the magistrate judge's determinations in limiting the scope of discovery. In doing so, he cites no document in the record before us and fails to identify error in a single ruling on the part of the magistrate judge with respect to discovery. Neither does he make any discovery ruling a part of the

7

record on appeal. Furthermore, Collin does not proffer what he expected to discover but for the alleged errors of the magistrate judge. Consequently, Collin's bald allegation of error in discovery does not give this court cause to disturb the magistrate judge's ruling.

Finding that the magistrate judge did not err in granting summary judgment to the Defendants on Collin's claims of discrimination, and finding no merit to any of Collin's assignments of error, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8